IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 17-CR-611 |
| v. | ) | Honorable Thomas Durkin |
| | ) | Judge Presiding |
| KEITH CHATMAN | ) | |

**EMERGENCY MOTION TO REVOKE THE DETENTION ORDER TO ATTEND FUNERAL SERVICES FOR DEFENDANT'S MOTHER**

Now Comes the Defendant, KEITH CHATMAN ("Mr. Chatman"), by and through his attorneys, LISA M. LOPEZ and JOSEPH R. LOPEZ, and moves this Honorable Court to revoke the detention order entered on May 28, 2019 and allow him to attend the funeral services of his mother. In support of this request, Mr. Chatman states as follows:

1. On September 14, 2017, Mr. Chatman was indicted for racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Dkt. 1. A superseding indictment was brought on April 24, 2019, which charged Mr. Chatman with the same violation of 18 U.S.C. § 1962(d) but also charged him in other counts with violations of 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. §§922(g)(1) and 924(e)(1).

2. Mr. Chatman was ordered detained on October 6, 2017 reserving the right to raise detention at a later date. Dkt. 91. On May 28, 2019, a detention hearing was held and Mr. Chatman was ordered detained. Dkt. 434. Mr. Chatman did not rebut the presumption of detention in the first instance and ordered him detained pursuant to 18 U.S.C. §§ 3142(e) and (g). Due to the emergency nature of this motion, obtaining a transcript of the detention hearing is not feasible

3. On August 27, 2019, Mr. Chatman pleaded guilty to Count One of the Superseding Indictment in this case, which charged him with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). Dkt. At 561. Mr. Chatman admitted to both conduct detailed in the indictment as well as relevant conduct; namely, distribution of 0.2 grams of heroin, 1.6 grams of cocaine, and 5.1 grams of marijuana on May 2, 2009; distribution of 2.6 grams of heroin on August 30, 2012; and distribution of 1.8 grams of heroin and possession with intent to distribute heroin on February 12, 2013. Mr. Chatman's estimated guideline range, from the defense perspective, was 46-57 months' imprisonment.

4. The government maintained that Mr. Chatman was responsible for two murders as well as an attempt murder. An evidentiary hearing was held where the Honorable Judge Durkin found that Mr. Chatman was responsible for these two murders as well as the attempt under a preponderance of the evidence standard. Dkt. 666. This finding significantly enhanced Mr. Chatman's anticipated guideline range.

5. On July 23, 2021, counsel filed a motion to reconsider based on evidence unavailable at the time of the previous evidentiary hearing. On May 26, 2022, part one of what is expected to be a two-part hearing took place. At the present time, the parties are working to obtain additional information and records before setting part two of the hearing.

6. Mr. Chatman's mother, Gloria Molden, recently passed away. Her funeral service is being held on Saturday, July 2, 2022 at Progressive Life Giving World Cathedral located at 4500 Frontage Road in Hillside, Illinois. The viewing will take

place from 9 a.m. to 10 a.m. and the service will take place from 10 a.m. to 11 a.m. There will also be a gravesite service following the funeral service.

7. The general rule concerning release pending sentencing is set forth in 18 U.S.C. § 3143(a)(1), which provides:

The judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence … be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. *Id.*

8. However, 18 U.S.C. § 3143(a)(2) provides that defendants convicted of crimes of violence, offenses carrying a maximum sentence of life imprisonment or death, or drug crimes with a maximum term of ten years or more must be detained unless (A)(1) the court finds that there is a substantial likelihood that a motion for acquittal or new trial be granted … and the court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger. *Id.*

9. A person subject to detention under § 3143(a)(2) may be released if he shows by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, and (2) it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Section 3145(c) was intended to provide "an avenue of relief from the mandatory detention provisions" of the Bail Reform Act. *United States v. Herrera-Soto*, 961 F.2d 645, 647 (7th Cir. 1992).

10. The evidence brought forth at Mr. Chatman's May 26, 2022 hearing as well as additional evidence the parties are working on obtaining presents a substantial likelihood that Mr. Chatman's motion to reconsider will be granted. Furthermore, Mr. Chatman is not a flight risk nor will he pose a danger to the community if released. Mr. Chatman has a third-party custodian and a place to reside that he will present to pretrial services, as well as the Court if needed.

11. Mr. Chatman has been in continuous custody since at least May 20, 2017, beginning in Cook County and then subsequently entered United States Marshal's custody on or before October 6, 2017.

12. There has been a significant change in circumstances in Mr. Chatman's case since the bond hearing in May 2019.

13. While the Court's requirement of the previous detention hearing transcript cannot be met at this time due to the emergency nature of the request, this Court has the power to revoke Mr. Chatman's detention order based on these changed circumstances. *See United States v. Many*, Case No. 12-CR-188 (W.D. Mich. 2012) (noting that a defendant "may move for *de novo* hearing on the basis of changed circumstances) (italics not in original); *see also United States v. Brooks*, 324 F.Supp. 2d 784, 785 (W.D.N.C. 2004) (examining whether "changed circumstances" warranted review of the detention order).

14. Mr. Chatman is a lifelong resident of Chicago and has two minor children. His daughter has been battling brain cancer for a number of years.

15. This Court can fashion a combination of stringent conditions which would serve the interests of justice. These include, but are not limited to:

    a. electronic monitoring

    b. curfew

    c. designation of a third-party custodian

    d. any other conditions the Court deems necessary

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

    a. Revoke the detention order and fashion a combination of conditions to secure his release pending trial.

    b. Enter an Order permitting him to attend the wake and funeral services of his late mother.

    c. Any other relief this Court deems equitable.

                            Respectfully submitted,

                            */s/Lisa M. Lopez*

**CERTIFICATE OF SERVICE**

I, Lisa M. Lopez, an attorney for Defendant, Keith Chatman, hereby certify that in accordance with Federal Rule of Criminal Procedure 49, Federal Rule of Civil Procedure 5, Local Rule 5.5, and the General Order on Electronic Case Filing (ECF), the foregoing document was served on June 27, 2022, pursuant to the District Court's system as to ECF filers.

                                        Respectfully submitted,

                                        */s/Lisa M. Lopez*

Lisa M. Lopez
Attorney No. 6301850
Lopez & Lopez, LTD.
53 West Jackson Blvd.
Suite 1651
Chicago, IL 60604
(312) 922-2001